**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TED KNOX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-CV-192-MAB** |
| | ) | |
| **LATOYA HUGHES, WARDEN BARWICK, MS. LANGSTON, LT. CORBET, LT. WARD, SGT. SIMMONS, SGT. SPENCER, C/O RUSH, C/O KELLERMAN, C/O RIENHOLD, and JOHN DOE MAJOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Ted Knox, an inmate of the Illinois Department of Corrections who is currently incarcerated at Dixon Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center. In the Complaint, Knox alleges that he was denied access to assistive devices and an ADA van during a transfer to Dixon. He alleges claims under the Eighth Amendment as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Knox is a disabled individual, suffering from severe lumbar spinal stenosis and left hip osteoarthritis (Doc. 1, p. 8). His conditions cause him mobility impairments. Due to his disabilities, IDOC issued him indefinite permits for low bunk, low gallery, a cane, walker, and an ADA van for transportation (*Id*.). On June 6, 2025, Knox was informed that he was scheduled for a medical writ on June 9 to attend a pain management clinic appointment (*Id*. at p. 6). Two hours after being informed of the writ, he was approached by Correctional Officer ("C/O") Oakley and informed that he was being transferred to another prison on the same date (*Id*.). Knox informed Oakley that he just received orders for a medical writ for a back injection for the same date. Oakley responded that he was scheduled for transfer (*Id*.).

On June 7, 2025, Knox was transferred to 6 House to await transfer (Doc. 1, p. 6). Upon transferring to 6 House, Knox spoke with Sergeant ("Sgt.") Simmons and C/O

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and the medical providers, to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these entities.

Rush. He informed both officers that he had a permit to travel on an ADA van (*Id.*). Both officers noted that they worked in the placement office and were aware of Knox's permit but that they were not honoring the permit, and he would have to ride the transfer bus (*Id.*). They warned him that he could either get on the bus or he would be sent to segregation for refusing to get on the bus (*Id.*). Knox submitted a request slip to Warden Barwick asking to stop his transfer so that Knox could attend his pain management appointment (*Id.*).

On June 8, 2025, Knox spoke with Sgt. Spencer who noted that his transfer sheet made no mention of Knox's ADA requirements (Doc. 1, p. 6). Sgt. Spencer informed Knox that he was required to take the transfer bus (*Id.*). Sgt. Spencer noted that he would talk to Major John Doe about the transfers. Knox later learned that Major John Doe also stated Knox had to take the transfer bus (*Id.* at p. 7). Knox showed Sgt. Spencer his permit, but Spencer responded that Knox either had to take the bus or he would be sent to segregation (*Id.*).

On June 9, 2025, Knox informed Lieutenant ("Lt.") Corbet, C/O Kellerman, and C/O Rienhold that he needed ADA accommodations for transfer and showed the officers his permits (Doc. 1, p. 7). The officers noted that they had previously heard about his complaints, but he had to get on the bus or he would receive segregation for refusing transfer (*Id.*). Knox got on the bus and was placed in a non-ADA bus seat (*Id.*). He alleges that the bus seat could not accommodation his 325-pound frame and he was single cuffed to a side loop and unable to move his legs (*Id.*). Due to his position, his body "locked up" during the 3–4-hour drive to Lincoln Correctional Center for a bus change (*Id.*). Upon

arriving at Lincoln, Knox pleaded with Lt. Ward to be placed in an ADA van for the remaining part of the trip to Dixon (*Id.*). He informed Ward that the ride to Lincoln was torture and he was in pain (*Id.*). Despite Knox showing Ward his permit, Ward laughed and stated he didn't know anything about the transfer from Pinckneyville, but Knox needed to get on the new bus or face discipline (*Id.*). For another 3-4 hours, Knox alleges that his body again "locked up" and he experienced severe pain in his knees, hip, neck, and head (*Id.*). Knox notes that he was also denied access to his assistive devices while on the bus (*Id.*).

**Discussion**

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Lt. Corbet, Lt. Ward, Sgt. Simmons, Sgt. Spencer, C/O Rush, C/O Kellerman, C/O Rienhold, and John Doe Major for refusing to honor Knox's ADA van permit.**

**Count 2:** **ADA and/or RA claim against defendants for refusing to honor Knox's ADA van permit.**

**Count 3:** **Illinois state law claim under the Civil Rights Remedies Restoration Act for refusing to honor Knox's ADA van permit.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**<u>Count 1</u>**

At this stage, Knox states a viable Eighth Amendment claim against Lt. Corbet, Lt. Ward, Sgt. Simmons, Sgt. Spencer, C/O Rush, C/O Kellerman, C/O Rienhold, and John Doe Major. He alleges that he spoke to each officer about his need for an ADA van to transfer prisons, but each officer denied his request. According to Knox, some officers threatened him with segregation if he refused transfer and others specifically stated they would not honor his permit. Thus, Count 1 shall proceed against Lt. Corbet, Lt. Ward, Sgt. Simmons, Sgt. Spencer, C/O Rush, C/O Kellerman, C/O Rienhold, and John Doe Major.

Knox also notes that he is suing Defendants Director Hughes, Warden Barwick, and ADA Coordinator Langston, in their official capacities only, for his lack of access to an ADA van (Doc. 1, pp. 2-3). But the State and its officials in their official capacities cannot be sued for monetary damages under Section 1983 because such claims are barred by the Eleventh Amendment. *Gerlach v. Rokita*, 95 F.4th 493, 498 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1044 (2025). Further, there are no allegations to suggest that any of these officials were aware of his need for an ADA transport van or that he was being denied his request for a van. Knox notes that he dropped a note directed to Warden Barwick but there are no allegations to suggest that Barwick received the note or responded to Knox's

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

complaints. Thus, any claim against Hughes, Barwick, and Langston is **DISMISSED without prejudice**.

**Count 2**

Knox also states a viable claim under the ADA and RA. The claim cannot proceed against the individual defendants, however, because individual employees of IDOC cannot be sued under the ADA and RA. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Director Latoya Hughes will remain in the case, in her official capacity only, as the proper defendant for Knox's ADA and/or RA claim.

**Count 3**

The Illinois Civil Rights Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1, *et seq.*, makes any violation of the Rehabilitation Act or the Americans with Disabilities Act (as well as numerous other federal statutes) a violation of the Restoration Act. *See* 775 ILCS 60/15. The Restoration Act waives sovereign immunity. 774 ILCS 60/30. Thus, Knox's claim in Count 3 shall also proceed against Director Latoya Hughes in her official capacity.

## Disposition

For the reasons stated above, Count 1 shall proceed against Lt. Corbet, Lt. Ward, Sgt. Simmons, Sgt. Spencer, C/O Rush, C/O Kellerman, C/O Rienhold, and John Doe

Major. Counts 2 and 3 shall proceed against Latoya Hughes (official capacity only). All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Lt. Corbet, Lt. Ward, Sgt. Simmons, Sgt. Spencer, C/O Rush, C/O Kellerman, C/O Rienhold, and Latoya Hughes (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Knox. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Knox, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

The Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Knox, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Knox is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 14, 2026**

Mark A. Beatty

**MARK A. BEATTY**
**United States Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**